FILED
IN OPEN COURT

MAY - 4 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 2:22-cr-47 |
| v. | 18 U.S.C. § 922(a)(1)(A)<br>Dealing Firearms Without a License<br>(Count 1) |
| PATRICK TATE ADAMIAK | |
| | 26 U.S.C. §§ 5841, 5861(d)<br>and 5871<br>Receive and Possess an<br>Unregistered Machinegun<br>(Counts 2, 4, 6, 8, 10) |
| Defendant, | |
| | 18 U.S.C. § 922(o)<br>Unlawful Possession and<br>Transfer of a Machinegun.<br>(Counts 3, 5, 7, 9, 11) |
| | 18 U.S.C. § 924(d); 26 U.S.C. § 5872;<br>28 U.S.C. § 2461(c)<br>Criminal Forfeiture |

## INDICTMENT

May 2022 Term at Norfolk

THE GRAND JURY CHARGES THAT:

### COUNT ONE
(Dealing Firearms Without a License)

From on or about October 2021 through April 2022, in Virginia Beach, in the Eastern District of Virginia, and elsewhere, the defendant, PATRICK TATE ADAMIAK, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

(In violation of 18 U.S.C. §922(a)(1)(A), 923(a) and 924(a)(1)(D))

1

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT TWO
(Receive and Possess an Unregistered Firearm)

From on or about November 8 through November 18, 2021, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly receive and possess a firearm, namely a PPSH-41 machinegun, as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b), which was not registered to the defendant in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. §5841.

(In violation of 26 U.S.C. §§5841, 5861(d) and 5871)

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT THREE
(Unlawful Possession and Transfer of a Machinegun)

From on or about November 8 through November 18, 2021, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly and unlawfully possess and transfer a PPSH-41 machinegun as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b)

(In violation of 18 U.S.C. § 922(o))

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT FOUR
(Receive and Possess an Unregistered Firearm)

From on or about October 30, through December 8, 2021, in Virginia Beach, within the

2

Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly receive and possess five firearms, namely a PPS M1943 machinegun, as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b), which was not registered to the defendant in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. §5841.

(In violation of 26 U.S.C. §§5841, 5861(d) and 5871)

THE GRAND JURY FURTHER CHARGES THAT:

COUNT FIVE
(Unlawful Possession and Transfer of a Machinegun)

From on or about October 30, through December 8, 2021, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly and unlawfully possess and transfer five PPS M1943 machineguns as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b)

(In violation of 18 U.S.C. § 922(o))

THE GRAND JURY FURTHER CHARGES THAT:

COUNT SIX
(Receive and Possess an Unregistered Firearm)

From on or about December 2, through December 27, 2021, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly receive and possess a firearm, namely a PPS M1943 machinegun, as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b), which was not registered to the defendant in the National Firearms

3

Registration and Transfer Record, as required by 26 U.S.C. §5841.

(In violation of 26 U.S.C. §§5841, 5861(d) and 5871)

THE GRAND JURY FURTHER CHARGES THAT:

COUNT SEVEN
(Unlawful Possession and Transfer of a Machinegun)

On or about December 2, through December 27, 2021, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly and unlawfully possess and transfer a RPD machinegun as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b)

(In violation of 18 U.S.C. § 922(o))

THE GRAND JURY FURTHER CHARGES THAT:

COUNT EIGHT
(Receive and Possess an Unregistered firearm)

On or about March 15, through March 28, 2022, in Virginia Beach, within the Eastern District of Virginia, PATRICK TATE ADAMIAK, did knowingly and unlawfully receive and possess a firearm, namely a PPSH machinegun, as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b), which was not registered to the defendant in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. §5841.

(In violation of 26 U.S.C. §§5841, 5861(d) and 5871)

THE GRAND JURY FURTHER CHARGES THAT:

COUNT NINE
(Unlawful Possession and Transfer of a Machinegun)

On or about March 15, through March 28, 2022, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly possess and transfer a PPSH machinegun as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b)

(In violation of 18 U.S.C. § 922(o))

THE GRAND JURY FURTHER CHARGES THAT:

COUNT TEN
(Receive and Possess an Unregistered Machinegun)

On or about April 7, 2022, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly and unlawfully receive and possess twenty-five (25) machineguns, as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b), which were not registered to the defendant in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. §5841.

(In violation of 26 U.S.C. §§5841, 5861(d) and 5871)

THE GRAND JURY FURTHER CHARGES THAT:

COUNT ELEVEN
(Unlawful Possession of a Machinegun)

On or about April 7, 2022, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly possess twenty-five (25) machineguns as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b)

(In violation of 18 U.S.C. § 922(o))

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.  Defendant PATRICK TATE ADAMIAK, if convicted of any of the violations alleged in this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunitioned used in or involved in the violation.

2.  If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Section 924(d); Title 26, United States Code, Section 5872; and Title 28, United States Code, Section 2461(c).)

*United States v. Patrick Tate Adamiak*
Criminal No. 2:22cr___47

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
William D. Muhr
Assistant United States Attorney
Victoria Liu
Special Assistant United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address:   bill.muhr@usdoj.gov
                 victoria.liu@usdoj.gov

8