IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK TATE ADAMIAK,<br><br>Defendant. | Case No. 2:22cr47<br><br><br>**DEFENDANT'S MOTION TO DISMISS COUNTS 10 AND 11 OF THE INDICTMENT AND MEMORANDUM OF LAW** |

  Defendant, Patrick Tate Adamiak, by counsel, moves to dismiss Counts 10 and 11 of the indictment. As grounds therefor, the defendant states that Counts 10 and 11 are multiplicitous and cannot coexist simultaneously.

  Mr. Adamiak is charged in an eleven-count indictment, which was filed on May 4, 2022. The challenged counts are as follows:

  <u>Count 10</u>—On or about April 7, 2022, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly and unlawfully receive and possess twenty-five (25) machineguns, as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b), which were not registered to the defendant in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. §5841. (In violation of 26 U.S.C. §§5841, 586l(d) and 5871).

  <u>Count 11</u>—On or about April 7, 2022, in Virginia Beach, within the Eastern District of Virginia, the defendant, PATRICK TATE ADAMIAK, did knowingly possess twenty-five (25) machineguns as defined by 18 U.S.C. §921(a)(23) and 26 U.S.C. §5845(b) (In violation of 18 U.S.C. § 922(0)).

**Prepared by David Michael Good, P.C**.

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22cr47; DEFENDANT'S MOTION TO DISMISS COUNTS 10 AND 11 OF THE INDICTMENT AND MEMORANDUM OF LAW - 1

As charged in Count 11, § 922(o) does not require proof of any element that is not also required in Count 10 under § 5861(d) – this runs afoul of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution.  Additionally, neither statute indicates that Congress authorized cumulative punishments to be imposed simultaneously under both provisions.

> Under the aspect of the Double Jeopardy Clause that protects against multiple punishments, 'cumulative sentences are not permitted' for two statutes that proscribe the same offense, 'unless elsewhere specially authorized by Congress.' *Missouri v. Hunter*, 459 U.S. 359 (1983) (quoting *Whalen v. United States*, 445 U.S. 684 (1980)) (emphasis omitted). The test for determining whether two statutes define the same offense is the familiar '*Blockburger* test,' which asks 'whether each provision requires proof of a fact which the other does not.' *Id*. (quoting *Blockburger v. United States*, 284 U.S. 299 (1932)). Here, the Government concedes that § 922(o) does not require proof of any element that is not also required under § 5861(d). The former statute requires possession of an item that qualifies as a machinegun with knowledge of the essential characteristics that make that item a machinegun, *see* 18 U.S.C. §§ 922(o), 924(a)(2), and the latter statute requires all of those same elements (plus an additional element concerning the lack of registration), *see* 26 U.S.C. §§ 5845(a)(6), 5845(b), 5861(d), 5871. The § 922(o) charge is therefore a lesser-included offense of the § 5861(d) charge. The Government further concedes that neither statute (nor any other provision of law) indicates that Congress authorized cumulative punishments to be imposed simultaneously under both provisions. (internal citations omitted).

*United States v. Kuzma*, 967 F.3d 959 (9th Cir. 2020).

For the reasons set forth above, Mr. Adamiak respectfully requests that this Court grant this motion and dismiss Counts 10 and 11, or, alternatively, require the government to elect which count it wishes to proceed with and dismiss the other.

**Prepared by David Michael Good, P.C**.

Respectfully submitted,

PATRICK TATE ADAMIAK
Of Counsel

/s/
David Michael Good
Virginia State Bar No. 44107
Attorney for Patrick Tate Adamiak
David Michael Good, P.C.
780 Lynnhaven Parkway, Suite 400
Virginia Beach, Virginia 23452
Telephone: (757) 306-1331
Facsimile: (888) 306-2608
E-mail: dgood@dgoodlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, including the following:

William David Muhr, Esq.
Assistant United States Attorney
Attorney for Government
United States Attorney's Office
101 W Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Email: Bill.Muhr@usdoj.gov

/s/
David Michael Good
Virginia State Bar No. 44107
Attorney for Patrick Tate Adamiak
David Michael Good, P.C.
780 Lynnhaven Parkway, Suite 400
Virginia Beach, Virginia 23452
Telephone: (757) 306-1331
Facsimile: (888) 306-2608
E-mail: dgood@dgoodlaw.com

**Prepared by David Michael Good, P.C**.

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22cr47; DEFENDANT'S MOTION TO DISMISS COUNTS 10 AND 11 OF THE INDICTMENT AND MEMORANDUM OF LAW - 3