UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK TATE ADAMIAK,<br><br>Defendant. | Criminal No. 2:22cr47 |

### ORDER

Pending before the Court is Defendant Patrick Tate Adamiak's Motion to Dismiss Counts 10 and 11 of the Indictment. ECF No. 22. For the following reasons, Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED**.

Defendant Patrick Tate Adamiak ("Defendant" or "Mr. Adamiak") is indicted for eleven counts related to firearms. Indictment, ECF No. 15. Count One charges him with Dealing Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A). *Id.* Counts Two, Four, Six, Eight, and Ten charge him with Receive and Possess an Unregistered Machinegun in violation of 26 U.S.C. § 5841, § 5861(d), and § 5871. *Id.* Counts Three, Five, Seven, Nine, and Eleven charge him with Unlawful Possession and Transfer of a Machinegun in violation of 18 U.S.C. § 922(o). *Id.* There is also a criminal forfeiture provision. *Id.*

In his Motion to Dismiss Counts Ten and Eleven of the Indictment, Defendant argues that being prosecuted under both of these counts violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Mot. to Dismiss at 1–2, ECF No. 22. The United States Court of Appeals of the Ninth Circuit has

1

determined that the Double Jeopardy Clause bars prosecution under two such counts because all elements required to be proven under 18 U.S.C. § 922(o) also need to be proven under 26 U.S.C. § 5861(d). *United States v. Kuzma*, 967 F.3d 959, 977 (9th Cir. 2020). "The § 922(o) charge is therefore a lesser-included offense of the § 5861(d) charge." *Id.* Defendant requests that the Court dismiss Counts 10 and 11 or, alternatively, require the Government to choose which count it will proceed with. Mot. to Dismiss at 2, ECF No. 22.

The Government agrees with Defendant. Resp., ECF No. 23. It acknowledges that Counts Ten and Eleven are multiplicitous and that trial on both counts would be a violation of the Double Jeopardy Clause under *United States v. Kuzma. Id.* The Government states that it will move to dismiss Count Ten of the Indictment and will elect to proceed on Count Eleven should the case proceed to trial. *Id.* at 1. The Government also notes that it has offered Defendant a plea agreement which does not require a guilty plea to either Count Ten or Eleven. *Id.* Should the Defendant accept this offer, the issue would be moot and both Counts would be dismissed at sentencing. *Id.*

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 22) is **GRANTED**. If the case proceeds to trial, the Government **SHALL** move to dismiss Count Ten of the Indictment. If Defendant elects to accept the plea offer made to him, the Government **SHALL** move to dismiss both Counts Ten and Eleven at sentencing.

The Clerk is **REQUESTED** to forward a copy of this Order to defense counsel and the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

June 6, 2022
Norfolk, Virginia