IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:22-cr-47 |
| | ) | |
| PATRICK TATE ADAMIAK, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE AN IGNORANCE OF THE LAW DEFENSE

The United States of America, by Jessica D. Aber, United States Attorney, William D. Muhr, Assistant United States Attorney, and Victoria Liu, Special Assistant United States Attorney, moves this Court to preclude an ignorance of the law defense from the defendant ADAMIAK under *Bryan v. United States*, 524 U.S. 184 (1998) and *United States v. Mitchell*, 209 F.3d 319 (4th Cir. 2000).

Based on statements made by the defense, the United States has a reasonable belief that the defendant may attempt an ignorance of the law defense.  For example, arguing that the defendant did not know it was unlawful to possess or transfer an unregistered machine gun and destructive device and thought that it was a lawful activity as a collector and gun enthusiast to possess these types of firearms and destructive devices and to transfer them to other gun enthusiast and collectors. Although ADAMIAK's knowledge regarding the facts and characteristics of the weapons must be proved beyond a reasonable doubt, any defense that ADAMIAK was ignorant of the applicable laws regulating his possession and sale of these firearms and destructive devices is impermissible.

## **ARGUMENTS AND AUTHORITIES**

In *Bryan v. United States*, the Supreme Court defined "knowingly" within 18 U.S.C. § 924's penalty provisions. *See Bryan*, 524 U.S. at 191–92 (explaining petitioner's argument regarding Congress's specific use of adverbs). The Court found that the term "knowingly" "does not necessarily have any reference to a culpable state of mind or to knowledge of the law," but rather refers to "factual knowledge *as distinguished from* knowledge of the law." *Id.* at 192 (emphasis added). The Court explained that in *Staples v. United States*, 511 U.S. 600 (1994), the Court had previously held that the defendant's possession of an unregistered machinegun required proof that he knew that the weapon he possessed had the characteristics that brought it within the statutory definition of a machinegun, but that it was not necessary to prove that the defendant knew that his possession was unlawful. *See id.* (limiting the adverb "knowingly" to knowledge of the facts that constitute the offense).

The Fourth Circuit, in applying the *Bryan* Court's analysis, has found that the analysis also applies to section 924(a)(2), a "sister provision" of section 924(a)(1)(B) with identical *mens rea* language. *United States v. Mitchell*, 209 F.3d at 321. Thus, the Fourth Circuit concluded that a defendant's mere knowledge of possession is a sufficient factual basis for a conviction. *See id.* (rejecting the petitioner's contention that the government was required to prove that the petitioner knew that possessing a firearm was illegal).

In the instant case, ADAMIAK is charged in a superseding indictment with knowingly possessing and transferring an unregistered machinegun and knowingly receiving and possessing four unregistered destructive devices. As illustrated in the case law, no carve-out provision imposes additional knowledge of the law for violations of any of these statutes. The government

therefore need not prove whether ADAMIAK knew that federal law prohibited such possession; rather, the mere knowledge of his possession of these weapons is sufficient. ADAMIAK cannot then use ignorance of the law as a defense to his knowing possession.

## CONCLUSION

Accordingly, the United States respectfully requests that the Court instruct the defendant prior to the start of trial that an ignorance of the law defense is not a lawful or permissible defense.

Respectfully submitted,

Jessica D. Aber
Acting United States Attorney

By:               /s/
Victoria Liu
Special Assistant United States Attorney
William D. Muhr
Assistant United States Attorney
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number: 757-441-6689

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2022, we electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                                     /s/
Victoria Liu
Special Assistant United States Attorney
William D. Muhr
Assistant United States Attorney
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number: 757-441-6689