IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK TATE ADAMIAK,<br><br>Defendant. | Criminal No. 2:22-cr-47<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY OF DEFENDANT'S PROPOSED EXPERT** |

Defendant, Patrick Tate Adamiak, by counsel, submits this response to the government's Motion in Limine (ECF No. 55) (the "Motion"), filed on October 14, 2022. The Motion seeks to exclude any testimony from the defendant's expert witness, Mr. Daniel O'Kelly, or, in the alternative, to limit Mr. O'Kelly's testimony to "relevant and permissible topics."

The government, in its "Notice of Expert Witnesses" ("Notice"), provided the following as to the alleged machinegun, for example,

> Officers Davis and Bodell will testify that they examined the firearms as listed in the superseding indictment. They identified these firearms and determined that they met the definition of either a machinegun or destructive device pursuant to 18 U.S.C. § 921 and 26 U.S.C. § 5845. The testimony will include the fact that the machinegun, listed in the indictment, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of a trigger and was designed to be a weapon.

The government's expert witnesses will likely provide testimony beyond that listed in the government's Notice, both as to the alleged machinegun and the alleged destructive devices. The defendant, by counsel, plans to call Mr. O'Kelly only in rebuttal to the government's expert testimony, if at all. If the defendant calls Mr. O'Kelly, and if he is

**Prepared by David Michael Good, P.C.**

properly qualified as an expert witness under the Federal Rules of Evidence, the nature of his testimony will be based solely on rebuttal evidence. There is no requirement that Mr. O'Kelly examine the government's evidence in this case before he may be qualified as an expert witness, though he will likely examine the evidence once he arrives for trial.

The defendant cannot know the full extent of the government's expert testimony until its expert witnesses testify during trial, and the defense cannot, therefore, know if it will be necessary to call Mr. O'Kelly and seek to qualify him as an expert witness.

In its Motion, the government provides, in part, "Mr. O'Kelly's intention to testify regarding the "frame or receiver" of a machinegun . . . the relevant definition of a machinegun is separate and apart from the "frame or receiver" clause . . . Therefore, any testimony about the definition of a "frame or receiver" of a machinegun would be both irrelevant and confusing to the jury." In its proposed exhibits, the government seeks to introduce numerous photographs of saw-cut receivers (receivers only – not "complete firearm[s]"). *Id*. at 6.

Additionally, though the government avers that any testimony "about the definition of a 'frame or receiver' would be both irrelevant and confusing to the jury," the government has offered two proposed jury instructions that include the definition of a "machinegun" as also "includ[ing] the frame or receiver of any such weapon." *Id*. at 7. *See* ECF Nos. 50, at 42 and 52.

The government must give to the defendant, at the defendant's request, a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence "during its case-in-chief at trial," Fed.R.Crim.P. 16(a)(1)(G). In *United States v. Nall*, 146 Fed. Appx. 462 (11th Cir. 2005), the court held that "consistent with the plain language of the Rule, the government's presentation of rebuttal testimony without

**Prepared by David Michael Good, P.C**.

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22-CR-47; DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY OF DEFENDANT'S PROPOSED EXPERT - 2

prior notice does not violate Rule 16, since the Rule's notice requirements apply only to the government's case-in-chief. Thus, so long as this testimony was properly characterized as rebuttal, Rule 16 did not require the government to give notice or a summary of the testimony." *Id.* at 467 (citing *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004)).

While Fed.R.Crim.P. 16(b)(1)(C), requires that the defendant must, at the government's request, provide the government with a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence "as evidence at trial," it is respectfully submitted that the defendant should not be prohibited from calling an expert witness for the purpose of rebuttal testimony without providing a summary of the yet-unknown rebuttal testimony.

The government, in its Motion, contends that Mr. O'Kelly "lacks expertise in the identification, operation, and design of firearms…" The government further states that Mr. O'Kelly's "experience as a retired ATF Special Agent also does not render him a firearms identification, operation, and design expert."

Mr. O'Kelly was not *just* an ATF special agent – he is the former Chief Firearm Technology Instructor at the ATF National Academy. He also served temporary duty as a Supervisory ATF Resident Agent-in-Charge, as a Firearm Instructor Coordinator, as an ATF agent and Senior ATF Agent, as a Corporate Senior Manager, Firearm Compliance Team for Cabela's, Inc., and he is currently the director and a consultant for International Firearm Specialist Academy (his company). He also holds a bachelor's degree from Indiana University, and he has attended dozens of specialized firearms-related training courses. *See* Ex. A (Mr. O'Kelly's curriculum vitae).

**Prepared by David Michael Good, P.C.**

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22-CR-47; DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY OF DEFENDANT'S PROPOSED EXPERT - 3

For the reasons stated above, the defendant, by counsel, respectfully requests that the Court deny the government's Motion.

        Respectfully submitted,

        PATRICK TATE ADAMIAK
        Of Counsel

/s/
David Michael Good
Virginia State Bar No. 44107
Attorney for Patrick Tate Adamiak
David Michael Good, P.C.
780 Lynnhaven Parkway, Suite 400
Virginia Beach, Virginia 23452
Telephone: (757) 306-1331
Facsimile: (888) 306-2608
E-mail: dgood@dgoodlaw.com

Lawrence H. Woodward
Virginia State Bar No. 21756
Attorney for Patrick Tate Adamiak
Ruloff, Swain, Haddad, Morecock, Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6000
Facsimile Number: (757) 671-6004
E-mail: lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/
David Michael Good
Virginia State Bar No. 44107
Attorney for Patrick Tate Adamiak
David Michael Good, P.C.
780 Lynnhaven Parkway, Suite 400
Virginia Beach, Virginia 23452
Telephone: (757) 306-1331

UNITED STATES OF AMERICA V. PATRICK TATE ADAMIAK; 2:22-CR-47; DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY OF DEFENDANT'S PROPOSED EXPERT - 4

**Prepared by David Michael Good, P.C.**

Facsimile: (888) 306-2608
E-mail: dgood@dgoodlaw.com

**Prepared by David Michael Good, P.C**.