# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:22-CR-47 |
| | ) | |
| PATRICK TATE ADAMIAK, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, represented by Jessica D. Aber, United States Attorney, and Victoria Liu, Special Assistant United States Attorney, offers this response to the defendant's Supplemental Sentencing Memorandum. As an initial matter, the government objects to the admission of expert testimony from an alleged expert for which the defendant has given no timely notice, summary of proposed testimony, or basis for opinions.

### I.     FACTUAL BACKGROUND

The defendant's sentencing hearing was previously scheduled for March 31, 2023. In accordance with the Sentencing Procedures Order of October 21, 2022, the parties filed position papers in advance of the hearing. *See* ECF Nos. 76, 77. The Sentencing Procedures Order specified that at the time of filing the position papers, the parties are to include "an outline of such evidence, including: (1) a description of the testimony of any witnesses sought to be called…" ECF No. 66. On March 27, 2023, the defendant stated for the first time that he "presently plans to call one witness" and gave no further details. The government received no further information regarding that testimony and was unaware whether the witness would be called until June 9, 2023, just days before the rescheduled sentencing hearing on June 13, 2023.

Still, no further details regarding this testimony were provided. Two days before the sentencing hearing on June 13, 2023, the defendant filed the instant Supplemental Sentencing Memorandum. ECF No. 98.

## II. LEGAL STANDARDS AND ARGUMENT

### A. Definition of Destructive Device

The definition of destructive devices has three subparts that are read in the alternative as meeting the definition of destructive device. 26 U.S.C. § 5845(1)–(3). The first part states: "(1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellant charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device." 26 U.S.C. § 5845(1). This part refers to the explosive devices themselves. As defendant notes in his memorandum, one such device— the grenade—would need to have the explosive powder in order to be considered a destructive device. For example, although the defendant possessed inert rockets as mentioned in the government's position paper, the government has not attributed the defendant with any of these devices. This portion of the definition does not apply to the destructive devices for which the defendant has been convicted.

Similarly, part three of the destructive device definition does not apply to the RPGs at issue. Part three states: "(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled." 26 U.S.C. § 5845(3). This part of the definition is intended to capture disassembled but complete destructive devices, as noted in *United States v. Posnjak*, 457 F.2d 1110, 1116 (2d Cir. 1972) ("The third section does not

broaden the group of devices which are covered; it merely precludes evasion through possession of the unassembled components instead of the assembled item. All of the necessary components 'from which a destructive device may be readily assembled' must be possessed in order to possess a 'destructive device' under subparagraph (3)."). This subparagraph is what the defendant intends to rely upon to contest that the RPGs meet the definition of destructive device; however, the argument is inapposite due to the following.

The RPGs are destructive devices because they fall under the subparagraph two of the applicable section. This subparagraph states that a destructive device can also be "(2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes." 26 U.S.C. § 5845(2). The RPGs fit this definition, as thoroughly explained during trial testimony of multiple government witnesses. A weapon that may be readily converted to expel a projectile under this definition does not need to have every component part in the same way as the other subparagraphs of the definition. The RPGs here were not properly destroyed, and FEO Bodell's test firing of the RPGs sufficiently demonstrated their functionality after a quick conversion.

B. **Application of Sentencing Enhancement was Proper**

Because the RPGs are destructive devices as contemplated by the Guidelines, the 15-level enhancement applies, regardless of whether the grenade launchers independently trigger the enhancement. The Court need not make a factual determination regarding the grenade launchers to apply the 15-level enhancement.

## VI. CONCLUSION

The government maintains its objection to any last-minute proposed expert testimony from the defendant. There has been no information provided to the government regarding the content of this testimony or the documents or methods relied upon by the supposed expert. The government further states that the RPGs are destructive devices under the law and are correctly considered as such by the Presentence Investigation Report in this case, triggering the 15-level enhancement contemplated by the Guidelines for such dangerous weapons of war.

    Respectfully submitted,

    JESSICA D. ABER
    UNITED STATES ATTORNEY

By:     /s/
    Victoria Liu
    Special Assistant United States Attorney
    New York State Bar No. 5431549
    United States Attorney's Office
    World Trade Center, Suite 8000
    101 W. Main Street
    Norfolk, Virginia 23510
    Office Number - 757-441-6331
    E-Mail Address – victoria.liu@usdoj.gov

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

David Michael Good
David Michael Good PC
780 Lynnhaven Pkwy
Suite 400
Virginia Beach, VA 23452
(757) 306-1331
Email: dgood@dgoodlaw.com

Lawrence Hunter Woodward, Jr.
Ruloff Swain Haddad Morecock Talbert & Woodward, PC
317 30th Street
Virginia Beach, VA 23451
757-671-6047
Email: lwoodward@srgslaw.com

I further certify that on this 12th day of June, 2023, I caused a true and correct copy of the foregoing Response of the United States to Defendant's Supplemental Sentencing Memorandum to be e-mailed to the following:

Joshua Coleman
Senior United States Probation Officer
United States Probation Office
600 Granby Street, Suite 230
Norfolk, Virginia 23510

/s/
Victoria Liu
Special Assistant United States Attorney
New York State Bar No. 5431549
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510

Office Number - 757-441-6331
E-Mail Address – victoria.liu@usdoj.gov