UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK TATE ADAMIAK,<br><br>Defendant. | Criminal No. 2:22cr47 |

## **ORDER**

The Court issues this Order *sua sponte*. On June 13, 2023, following a jury trial, the Court sentenced Defendant Patrick Tate Adamiak ("Defendant" or "Mr. Adamiak") to 240 months of imprisonment followed by three years of supervised release for Receive and Possess an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d) and 5871 (Count 1), Unlawful Possession and Transfer of a Machinegun, in violation of 18 U.S.C. § 922(o) (Count 2), and three counts of Receive and Possess an Unregistered Destructive Device, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d) and 5871 (Counts 3–5). Min. Entry, ECF No. 100; J. at 1–3, ECF No. 106. The sentence consists of 120 months on Count 1, 120 consecutive months on Count 2, 120 concurrent months on Count 3, 120 concurrent months on Count 4, and 120 concurrent months on Count 5. J. at 2, ECF No. 106. The term of supervised release consists of three years on Counts 1–5, all to run concurrently. *Id.* at 3.

Prior to the sentencing hearing, Mr. Adamiak raised six objections to the Presentence Investigation Report ("PSR"). *See* PSR at 24–29, ECF No. 72; Def. Position on Sent'g at 2–8, ECF No. 76. These objections were addressed by the Court at

1

the June 13, 2023 sentencing hearing and in a comprehensive written ruling issued on June 23, 2023. Min. Entry, ECF No. 100; Order, ECF No. 104. Mr. Adamiak has been in federal custody since October 21, 2022. Min. Entry, ECF No. 63; PSR at 2, ECF No. 72. His scheduled release date is December 9, 2038.[1]

On June 27, 2023, Mr. Adamiak noticed his appeal with the Fourth Circuit Court of Appeals. Notice, ECF No. 108. On October 14, 2025, the Fourth Circuit issued an unpublished per curiam opinion (ECF No. 124) and judgment (ECF No. 125). On appeal, the Fourth Circuit found that Mr. Adamiak's convictions and consecutive sentences on Counts 1 and 2 violate the Double Jeopardy Clause. 4th Cir. Op. at 5, ECF No. 124. Accordingly, the Fourth Circuit "conclude[d] that the district court committed no error in sentencing," but nevertheless "remand[ed] to the district court with instructions to vacate [Mr.] Adamiak's conviction on either Count One or Count Two, and to resentence accordingly." *Id.* at 8–9. The Fourth Circuit "affirm[ed] the district court in all other respects." *Id.* at 9. The Fourth Circuit's mandate issued on November 20, 2025. Mandate, ECF No. 129.

On December 30, 2025, in accordance with the Fourth Circuit's mandate, the Court vacated Mr. Adamiak's conviction on Count 1, appointed counsel to represent Mr. Adamiak for resentencing, and directed the parties to contact the Court to reschedule a resentencing hearing. Order, ECF No. 130. The resentencing hearing was scheduled for June 25, 2026. On April 29, 2026, the United States Probation Office

---

[1] *See* Bureau of Prisons, Inmate Locator, No. 95252-509, https://www.bop.gov/inmateloc/ (last visited June 18, 2026).

filed an Additional Addendum to the PSR, which added information related to Mr. Adamiak's adjustment in the Bureau of Prisons, noted the Court's vacatur of Count 1, and made certain amendments based on the Court's rulings at the original sentencing hearing and relevant updates to the United States Sentencing Guidelines. PSR at 30–31, ECF No. 137. On June 11, 2026, the Probation Office filed a Second Additional Addendum to the PSR, reflecting a total of four unresolved objections to the PSR raised by the Defendant. PSR at 35–37, ECF No. 140.[2]

Also on June 11, 2026, Defendant filed his position paper on sentencing, wherein he addresses the aforementioned four objections, raises multiple additional objections to the PSR, requests a sentence of 41 months (effectively time served), and indicates that he intends to present the expert testimony of Daniel G. O'Kelly at the resentencing hearing. Def. Position on Sent'g, ECF No. 141. He also submitted 19 exhibits and seven character letters for the Court's consideration. Def. Ex. 1, ECF No. 141-1; Def. Ex. 2, ECF No. 141-2. Of note, only two of Defendant's objections impact the guideline range, and these objections were previously raised and addressed at Mr. Adamiak's original sentencing hearing and in the course of his appeal.[3] The

---

[2] This Order uses ECF-generated pagination.

[3] Specifically, at his original sentencing hearing, Mr. Adamiak objected to receiving a ten-level enhancement for being attributed with 977 MAC flats and 4 destructive devices under U.S.S.G. § 2K2.1(b)(1)(E). *See* Order at 28, ECF No. 104. The Court sustained in part and overruled in part this objection, concluding that he should not be attributed with the 977 MAC flats, but was properly attributed with four destructive devices. *Id.* at 32. The Government also objected to the number of firearms attributed to Mr. Adamiak. *Id.* at 8. The Court sustained the Government's objection and found that Mr. Adamiak should be attributed with seven receivers and 23 firearms, in addition to the four destructive devices. *Id.* at 9. Accordingly, the ten-level enhancement was modified to a six-level enhancement, accounting for 34 firearms

Government also filed its position paper on sentencing on June 11, 2026, wherein it asks the Court to reimpose a 240 month-sentence and gives notice of its intent to make two rebuttal witnesses available for sentencing. Gov't Position on Sent'g, ECF No. 142.

In light of the voluminous material filed with the Court, and considering the Court's full docket, the Court finds that it cannot conduct Mr. Adamiak's resentencing hearing in the typical 90-minute period allotted for his hearing. Accordingly, the re-sentencing hearing scheduled for June 25, 2026 at 9:00 a.m. must be continued. Further, the Court hereby places the parties on notice that the resentencing hearing is limited in scope by the mandate rule. The Fourth Circuit reviewed the entirety of the record on appeal and remanded the case for the sole purpose of vacating Mr. Adamiak's conviction on Count 1 or Count 2 and resentencing accordingly. It specifically concluded that the Court committed no error in sentencing. Therefore, the objections previously litigated at Mr. Adamiak's original sentencing are not properly before the Court.

---

instead of 982 firearms. *See* U.S.S.G. § 2K21.(b)(1)(C) (providing for a six-level enhancement if the offense involved 25–99 firearms). On appeal, the Fourth Circuit concluded that this Court committed "no error in sentencing." 4th Cir. Op. at 8, ECF No. 124.

In addition, at his original sentencing, Mr. Adamiak objected to receiving a fifteen-level enhancement for possession of a destructive device under U.S.S.G. § 2K2.1(b)(3)(A). Order at 21, ECF No. 104. The Court overruled that objection. *Id.* at 24–26. Again, on appeal, the Fourth Circuit concluded that this Court committed "no error in sentencing." 4th Cir. Op. at 8, ECF No. 124.

"The mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded after an appeal. *Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007). The rule limits later proceedings to issues falling within the appellate court's mandate. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). The rule thus "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "litigation of issues decided by the district court but foregone on appeal or otherwise waived." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012) (internal quotation marks omitted). On remand, the lower court "is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *Id.*

In addition, "the doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Riley*, 359 F. App'x 402, 403 (4th Cir. 2010) (quoting *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (citation modified)). Specifically:

> The law of the case must be applied in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*Id.* A remand proceeding is also "not the occasion for raising new arguments or legal theories." *Volvo Trademark Holding Aktiebolaget*, 510 F.3d at 480.

Here, Mr. Adamiak's objections were previously ruled on and impliedly decided by the appellate court.[4] Considering the mandate rule and this Court's prior rulings, the Court **ADVISES** Defendant that his objections were previously addressed at his sentencing hearing and affirmed by the Fourth Circuit and cannot be re-raised at this resentencing hearing. The Court notes Defendant's objections for the record but finds that it lacks jurisdiction to address them at this juncture. *See, e.g., United States v. Spain*, 726 F. App'x 180 (4th Cir. 2018) (affirming the district court's finding that the mandate rule precluded the defendant from challenging at resentencing both a Guidelines cross-reference previously reviewed on appeal and a new argument not raised in the prior appeal); *United States v. Hammoud*, 483 F. App'x 865 (4th Cir. 2012) (affirming district court's limiting of a resentencing hearing and adherence to the mandate rule). Accordingly, the Court is precluded from considering, and will not hear, any evidence or argument on the objections at the resentencing hearing.

For the aforementioned reasons, the resentencing hearing scheduled for June 25, 2026 is **CONTINUED** and **STRICKEN** from the Court's calendar. The parties are **DIRECTED** to contact the Courtroom Deputy via email within seven (7) days of this Order to reschedule the resentencing hearing for a mutually available date. The

---

[4] It appears that Mr. Adamiak raises objections to Paragraphs 96, 97, and 98 of the PSR for the first time. *See* PSR at 37, ECF No. 140. The mandate rule additionally prohibits litigation of issues that were not originally raised in the district court, and are therefore waived. *Susi*, 674 F.3d at 283. In addition, this objection does not affect the guideline range and need not be ruled on because the matter does not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B).

Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record and

the United States Probation Office.

    **IT IS SO ORDERED.**

_____/s/_____
Arenda L. Wright Allen
Senior United States District Judge

June 18, 2026
Norfolk, Virginia